Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for Jumbo*
*Seafood Restaurant, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-90-ELG |
| | ) | (Chapter 11) |
| JUMBO SEAFOOD RESTAURANT, INC. | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO SHORTEN TIME**

Comes now Jumbo Seafood Restaurant, Inc. ("Jumbo Seafood" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Local Rule 9013-2, and moves this Honorable Court to shorten the response time for the Motion for Leave to Pay Certain Pre-Petition Employee Wages (the "Motion") filed by Jumbo Seafood of even date herewith, and in support thereof states as follows:

**I.    Introduction**

Last night, Jumbo Seafood filed a petition for relief, pursuant to Section 301 of Title 11 of the United States Code, seeking to reorganize. Like so many Chapter 11 debtors, however, Jumbo Seafood has a payroll obligation to meet – and, in this case, that obligation comes due on Monday, April 1, 2024. As set forth in the Motion, the Debtor's ability to pay ordinary wages to non-insider employees is vital to the Debtor's reorganizational efforts. And, in the spirit of first day motions,

Jumbo Seafood thusly asks time be shortened so the Motion may be considered before that payroll comes due.

**II.     Standard**

The Federal Rules of Bankruptcy Procedure expressly allow, *inter alia*, "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

The new version of the Local Rules of this Honorable Court, in turn, provide a specific procedure for the shortening of time and for the noticing of an expedited hearing:

> If a movant requests that the time for filing objections should be shortened and/or that a more expedited hearing is needed, the movant shall contemporaneously file a separate motion (a "Motion to Shorten") requesting that the court shorten the time to object and/or requesting that the Court set an expedited hearing (an "Expedited Hearing Motion"). The Motion shall include statements explaining why the underlying substantive motion requires an expedited ruling by the Court and any time restrictions or other relevant information. A notice of the underlying substantive motion(s) shall not be filed until the Court rules on the Motion to Shorten or Expedited Hearing Motion.

Local Rule 9013-2(a).

**III.    Argument: Time Should be Shortened**

The payment of non-insider wages is classic fodder for first day motions practice. In this case, it also appears to be the only relief the Debtor will need on an emergency basis, with no UCC liens encumbering Jumbo Seafood's cash, with the Debtor being resolved to open a debtor-in-possession account as soon as practicable, and with no other eccentricities visiting the case. But ensuring such wages be paid on a normal schedule is still vital to Jumbo Seafood having an opportunity to reorganize.

For the avoidance of ambiguity, the total pre-petition wages the Debtor seeks leave to pay are less than $5,000.00. Jumbo Seafood is *not* asking to pay the pre-petition portion of any insider's

wages. And the Debtor is *not* seeking to compensate its chief restructuring officer for pre-petition work. The Motion concerns only the wages of hard-working employees, whose efforts are essential to the ongoing success of a dining establishment that has played – and continues to play – an iconic role in the history of the District of Columbia.

### IV.     Conclusion

WHEREFORE, Jumbo Seafood respectfully prays this Honorable Court (i) shorten time to respond to the Motion to 4:00 pm, prevailing Eastern Time, on Friday, March 29, 2024; (ii) schedule a hearing on the Motion, if any objections are received prior to the expiration of the foregoing objection period, for Monday, April 1, 2024; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 28, 2024     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

3