**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re: ) | |
| ) | **Case No. 24-00090-ELG** |
| **JUMBO SEAFOOD RESTAURANT, INC.,** ) | **Chapter 11** |
| ) | **Subchapter V** |
| Debtor. ) | |

**MOTION FOR RELIEF FROM STAY TO PROCEED
WITH EVICTION; OR ALTERNATIVELY, DETERMINING AUTOMATIC STAY
DOES NOT APPLY, AND REQUEST TO IMPOSE IN REM RELIEF AND/OR
EQUITABLE SERVITUDE TO PREVENT ANY FUTURE BANKRUPTCY FROM
STAYING EVICTION OF DEBTOR AND ANY OTHER OCCUPANTS**
(619 H Street, N.W., Washington D.C. 20001)

Wendell W. Webster, Chapter 7 trustee (the "Trustee") of the estate of Cheng & Company L.L.C. (the "Landlord Debtor"), by and through his undersigned attorneys, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362 (d)(1) and (d)(2), and Federal Rule of Bankruptcy Procedure 4001, to allow, or, in the alternative, pursuant to 11 U.S.C. §§ 362 (b)(4) and (b)(10), to determine the stay does not prohibit, the enforcement of the Trustee's *in rem* rights and remedies with respect to the certain real property located at 619 H Street, N.W., Washington D.C. 20001 (the "Property"), and seeks an order pursuant to 11 U.S.C. §§ 105 and 362(d)(4) preventing any future bankruptcy from staying the eviction of Jumbo Seafood Restaurant, Inc. (the "Tenant Debtor") or any other occupants of the Property. In support of its Motion, the Trustee states as follows:

_____
Justin P. Fasano, Esquire
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
301-441-24240
jfasano@mhlawyers.com
*Counsel for Wendell W. Webster,*
*Chapter 7 Trustee for Cheng & Company L.L.C.*

## Introduction

This is a bad faith bankruptcy. The Tenant Debtor, an insider of the Landlord Debtor, previously agreed with this Court to vacate a property by February 29, 2024, and was ordered to do so. Now, the Tenant Debtor has filed bankruptcy to flout this Court's order, stay in the formerly leased premises despite the termination of a lease, and forestall an eviction without payment of rent. Worse, the Tenant Debtor's bankruptcy likely reduces the value at which the Trustee can sell the Property, on which insiders of the Tenant Debtor and Landlord Debtor intend to bid. There is no potential reorganization here – the Debtor owes hundreds of thousands of dollars of rent and sales taxes that would need to be paid through a plan. The stay should be lifted so that the Trustee can sell the Property vacant for the highest possible price, in order to satisfy creditor claims.

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 and 11 U.S.C. § 362

2. Venue is appropriate pursuant to 28 U.S.C. § 1408 & 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

## Background

4. The Landlord Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court on April 17, 2023, commencing case no. 23-00104-ELG. The Landlord Debtor's case converted to Chapter 7 on July 26, 2023.

5. Wendell W. Webster is the Trustee of the Landlord Debtor's Chapter 7 estate.

6. The Landlord Debtor has been found to be a single-asset real estate entity as

2

defined by 11 U.S.C. § 101(51B). [Dkt. No. 27]. The Landlord Debtor's real property is located at 619 H Street, N.W., Washington D.C. 20001 ("Property").

7. The Landlord Debtor leased the Property to the Tenant Debtor, an insider entity. Both entities are controlled the Debtor's principal, Tony Cheng. The Landlord Debtor originally provided creditors a copy of a lease with Tenant Debtor that expired prior to the bankruptcy. **Exhibit A.** However, after the Trustee engaged a realtor, the Landlord Debtor provided an apparently newly-discovered lease that expires in 2027, with an option to extend for five years (the "Discovered Lease," attached as **Exhibit B**).

8. Since his appointment, the Trustee has marketed the Property for sale. The Trustee's realtors have advised the Trustee that the Property would be easier to market vacant (and certainly without the Tenant Debtor, an insolvent entity that owes over $600,000 in sales taxes, occupying the premises without paying rent).

9. Pursuant to the Discovered Lease, the Tenant Debtor is required to pay the Landlord Debtor $20,000 per month. The failure to pay rent when it becomes due and payable is an event of default under the lease if that failure continues for ten days after the Tenant Debtor receives notice from the landlord that rent is due and payable.

10. In the year since the filing of the Landlord Debtor's petition, the Tenant Debtor has paid the Landlord Debtor *at most* $85,958.00 (the amount in the Debtor in Possession Account on conversion, plus four post-conversion monthly payments of $10,000.00). The Trustee does not concede that all these payments constituted rent.

11. The Trustee sent timely notification of default of the Lease on September 18, 2023. **Exhibit C.**

12. Accordingly, on October 12, 2023, the Trustee moved to reject the Discovered

Lease and for turnover of the Property. Landlord Debtor Docket No. 87.

13. Additionally, on October 12, 2023, the Trustee sent notice of termination of the Discovered Lease. **Exhibit D.**

14. On November 3, 2024, the Trustee and the Tenant Debtor attended a hearing, and agreed to a resolution, embodied by this Court's *Order Granting in Part Trustee's Motion to Reject Certain Insider Commercial Lease and Require Insider Commercial Tenant to Vacate Formerly Leased Premises* (the "Rejection Order," Landlord Debtor Dkt. No. 98).

15. Pursuant to the Rejection Order, it was:

> **ORDERED**, that [the Tenant Debtor] shall remove all of its property from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001] not later than midnight February 29, 2024; and it [was] further
>
> **ORDERED**, that on March 1, 2024, the Trustee shall be entitled to immediate and exclusive possession of the [Landlord Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001], and [the Tenant Debtor] shall have no rights to possess or occupy the [Landlord Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001]; and it [was] further
>
> **ORDERED**, that in the event [the Tenant Debtor] does not vacate the Property prior to midnight February 29, 2024, the Trustee shall be entitled to any and all such writs as this Court may issue to enable the Trustee to utilize the United States Marshalls to evict Jumbo from the [Landlord Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001]and remove and/or dispose of any remaining personal property of [the Tenant Debtor] from the [Landlord Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001].

Landlord Debtor Docket No. 98, p. 2.

16. On January 16, 2024, this Court entered an order allowing the Landlord Tenant's lender, United Bank, relief from stay, to foreclose on the Property, effective June 1, 2024. Landlord Debtor Docket No. 108.

17. On March 20, 2024, this Court entered authorizing the Trustee to utilize the U.S. Marshall's service to conduct an eviction. Landlord Debtor Docket No. 112.

18. The Tenant Debtor filed a petition in bankruptcy on March 27, 2024.

19. The failure of the Tenant Debtor to vacate the Property has significantly compromised the sale value of the Debtor's Property. Not one single prospective buyer of the Property has sought to purchase the Property with the Tenant Debtor still operating therein.

**Movant Is Entitled To Relief from the Automatic Stay under 11 U.S.C. 362(d)(1)**

20. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

21. A creditor is entitled to relief from the automatic stay if there is sufficient "cause" under § 362(d)(1). "Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Merchant,* 256 B.R. 572, 576 (Bankr. D. Pa. 2000). ubst

22. A bankruptcy filed to stay the eviction of a debtor pursuant to an expired lease is deemed to be in bad faith. *In re Premier Auto. Servs., Inc.*, 492 F.3d 274, 280 (4th Cir. 2007).

23. As demonstrated above, Trustee's interest in the Property would be irreparably harmed by continuation of the automatic stay. The Trustee only has the benefit of the automatic stay in the Landlord Debtor case until June 1, 2024. The Trustee bargained with the Tenant Debtor to vacate the Property by February 29, 2024 to facilitate a sale. The Tenant Debtor agreed to an order to vacate by February 29, 2024, and now seeks to renege on that agreement in violation of this Court's order. This should not be allowed. The continued presence of the

Tenant Debtor serves to reduce the value of the Property for sale only for the benefit of insiders of the Tenant Debtor seeking to bid on the Property.

24. As such, there is cause for relief from the automatic stay.

### Cause Exists to Grant Movant Relief from the Stay under 11 U.S.C. 362(d)(2)

25. Cause exists under 11 U.S.C. § 362(d)(2) to grant Movant relief from the automatic stay because the Debtor does not have any equity in the Property and the Property is not necessary to an effective reorganization.

26. The Debtor has no equity in the Property because it has no rights to the Property. The Discovered Lease has been terminated and the Tenant Debtor has no rights thereunder by order of this Court.

27. The Supreme Court has expanded on the "necessary to an effective reorganization" requirement of 11 U.S.C. § 362(d)(2) in stating that a debtor must show that "the property is essential for an effective reorganization that is in prospect. This means . . . there must be a reasonable possibility of successful reorganization within a reasonable time." *United Savings Assoc. v. Timbers of Inwood Forest,* 44 U.S. 365 (1988). There is no reasonable possibility of successful reorganization involving the Property. The Tenant Debtor has no rights to the Property.

28. Further, the Tenant Debtor owes over $600,000 in sales taxes and hundreds of thousands of dollars in rent, rendering any Chapter 11 plan infeasible.

29. As such, there is cause for relief from the automatic stay.

### Cause Exists to Order that No Future Bankruptcy Shall Stay the Eviction of the Debtor

26. Section 362(d)(4) of the Bankruptcy Code provides, in relevant part:

6

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> >
> > > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> > >
> > > (B) multiple bankruptcy filings affecting such real property.

U.S.C. § 362(d)(4).

27. 11 U.S.C. § 105(a) provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

28. In order to prevent abuse of the Court system, the Court may issue an order creating an equitable servitude preventing any future bankruptcy filing from staying *in rem* action with regard to real property. *In re Yimam*, 214 B.R. 463, 466 (Bankr. D. Md. 1997).

29. Here, the Landlord Debtor and Tenant Debtor have abused the Court system through multiple bankruptcies in order to flout a bankruptcy court order for the benefit of insiders.

30. Accordingly, the Court should impose an equitable servitude and in rem relief under 11 U.S.C. § 362(d)(4) with regard to the Property preventing the filing of any future

7

bankruptcy from staying the eviction of the Debtor or any other occupant of the Property.

## The Automatic Stay Does Not Bar the Eviction

31. Because of this bankruptcy, the Tenant Debtor has delayed the Trustee's eviction of the Tenant Debtor from the Property.

32. Section 362(b)(4) of the Bankruptcy Code provides that "[t]he filing of a petition . . . does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit …to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4). *See In re Kupperstein*, 994 F.3d 673 (1st Cir. 2021) (holding that civil contempt proceedings that probate estate had continued to prosecute post-petition in effort to compel debtor, who had rented out property belonging to probate estate and improperly collected rent therefrom, to turn over such rent, did not violate stay); *In re Dingley*, 852 F.3d 1143 (9th Cir. 2017) (holding that in attempting to collect state discovery sanctions previously awarded against debtor for failing to appear for deposition, creditor was attempting to collect sanctions imposed to effectuate the state court's public policy interest in deterring certain kinds of litigation misconduct, such that creditor's conduct came within the government regulatory exception to stay).

33. Further, section 362(b)(10) of the Bankruptcy Code provides that "[t]he filing of a petition . . . does not operate as a stay . . . of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10).

34. Accordingly, the Movant requests that the Court enter an order determining that, pursuant to 11 U.S.C. §§ 362(b)(4) and 362(b)(10), the automatic stay pursuant to 11 U.S.C. § 362(a) does not bar the Eviction of the Tenant Debtor from the Property.

**Cause Exists to Waive the Stay of Any Order
Granting this Motion Pursuant to Fed. R. Bankr. Proc. 4001(a)(3)**

35. Any order granting relief from the automatic stay is subject to the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3), which may be waived for cause. Here, cause exists to waive the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3) because there is no basis for the Tenant Debtor to argue it has any interest in the Property. A delay in the eviction process could eliminate the Trustee's opportunity to sell the Property. The Trustee is currently delayed from showing the Property and selling the Property vacant. Accordingly, there is cause to waive the 14-day stay of Fed. R. Bankr. Proc. 4001(a)(3).

WHEREFORE, the Trustee requests that this Court enter an Order granting it relief from the automatic stay to pursue its state law remedies to evict the Debtor and any other occupants from the Property, and to enforce this Court's Rejection Order, waiving any stay applicable under Fed. R. Bankr. Proc 4001(a)(3) or similar rule or statute, and granting an equitable servitude and/or in rem relief under 11 U.S.C. § 362(d)(4), or alternatively, determining that the automatic stay does not bar the eviction of the Debtor from the Property, and granting such other and further relief as this Court deems fair and just.

| | |
|---|---|
| Dated: April 2, 2024 | Respectfully submitted, |

/s/ *Justin P. Fasano*
McNamee Hosea, P.A.
Justin P. Fasano, Esquire (Bar No. MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for Wendell W. Webster, Chapter 7 Trustee for Cheng & Company L.L.C*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2024, a copy of the foregoing was filed and served via the Court's Electronic Case Filing System on all parties receiving such notification, and by first class mail, postage prepaid, to:

AK Fire Protection Inc.
4325 Still Meadow Rd.
Fairfax, VA 22032

Atlantic Seafood International Group, In
8533 Terminal Road Unit C & D
Lorton, VA 22079

DC Office of Tax and Revenue
1101 4th St., SW #270
Washington, DC 20024

District of Columbia Water & Sewer Authority
1385 Canal Street, SE
Washington, DC 20003

Five Star Noodle Inc.
1124 Congress Street, NE
Washington, DC 20002

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

KMG Hauling Inc.
14 Bryant Court
Sterling, VA 20166

Pepco
P.O. Box 13608
Philadelphia, PA 19101

Rice Noodle House LLC
815 6th St NW
Washington, DC 20001

Solid Gold, Inc.
6001 Columbia Park Road
Hyattsville, MD 20785

Virginia Linen Service, Incorporated
875 E Bank St. PO Box 869
Petersburg, VA 23803-3470

Washington Gas
6801 Industrial Road
Springfield, VA 22151

Jumbo Seafood, Inc.
c/o Julie Yun Li Cheng
619 H Street, N.W.
Washington DC 20001

Jumbo Seafood Restaurant, Inc.
c/o Anthony C. Y Cheng, Registered Agent
619 H Street, N.W.
Washington DC 20001

      /s/ *Justin P. Fasano*
      Counsel