**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **Jumbo Seafood Restaurant, Inc.,** | Case No. 24-00090-ELG |
| Debtor. | Chapter 11 – Subchapter V |

### THE UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION TO APPROVE EMPLOYMENT OF DALLAS R. EVANS AS CHIEF RESTRUCTURING OFFICER

Gerard Vetter, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, hereby files this objection (the "Objection") to the Application to Approve Employment of Dallas R. Evans as Chief Restructuring Officer (the "Application") (Doc. No. 29) filed by Jumbo Seafood Restaurant, Inc. (the "Debtor" or "Jumbo"). In support of this Objection, the U.S. Trustee states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408.

2. Pursuant to 11 U.S.C. § 307, the U.S. Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(7), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, he is charged with a number of supervisory responsibilities in reorganization

1

bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring applications filed under section 327 of title 11. 28 U.S.C. § 586(a)(3)(I).

## BACKGROUND

*Jumbo Seafood 24-90*

4.  On March 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Columbia (the "Court").

5.  On March 29, 2024, Monique Almy was appointed as Subchapter V Trustee in the case. (Doc. No. 14).

6.  On April 3, 2024, the Debtor filed the Application, wherein it seeks the entry of an order authorizing the employment of Dallas R. Evans ("Mr. Evans") as chief restructuring officer ("CRO") of the Debtor pursuant to Sections 327 and 363 of the Bankruptcy Code. The Application was accompanied by a Declaration of Mr. Evans in support of the Application.

7.  Mr. Evans was appointed as CRO of Jumbo by its board of directors on March 26, 2024, the day before the Petition Date. *See* Doc. No. 1.

8.  While there does not appear to be a formal engagement agreement between the Debtor and Mr. Evans, the Unanimous Resolution of the Board of Directors of the Debtor (the "Resolution") dated March 26, 2024, provides for the appointment of Mr. Evans as CRO and for certain terms of that employment. *Id.*

9.  The Resolution provides that Mr. Evans shall have the authority to file the bankruptcy petition on behalf of Jumbo.

10. The Resolution further provides:

> [w]hile Mr. Evans may be replaced as CRO by this board at any time prior to the date upon which Jumbo Seafood petitions for bankruptcy protection, Mr. Evans, on

2

> behalf of Jumbo Seafood, shall, upon the filing of such a petition for relief, promptly petition the bankruptcy court for entry of an order expanding his authority as CRO and rendering him the sole representative of Jumbo Seafood's estate while also vesting him with all of the powers and duties to operate Jumbo Seafood's business pursuant to Sections 1107 and 1108 of Title 11 of the United States Code, with said powers to be subject only to such limitations as may be imposed by the bankruptcy court and with Mr. Evans' removal as CRO to be permitted only upon (i) his voluntary resignation; or (ii) order of the bankruptcy court;
>
> 6. For the avoidance of ambiguity, it is the express intention of this board that, upon Jumbo Seafood seeking bankruptcy protection, Mr. Evans may thereafter not be relieved of his duties as CRO, nor stripped of his powers as CRO, by this board or any successor board appointed by the equity interests of Jumbo Seafood…

*Id.*

11.     The board of directors of the Debtor is comprised of Anthony C. Cheng and his wife Julia Cheng. *Id.*

12.     In his Declaration in support of the Application, Mr. Evans states that he is disinterested as, among other things, he was not, within two years before the date of filing of the petition, a director, officer or employee of the Debtor, and he does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Doc. No. 29-1.

13.     Mr. Evans' Declaration further states that he is a longtime patron of the Debtor, has interfaced with the Debtor in connection with his previous work for the District, and offered informal advisory services to the Debtor (at no cost) in connection with the planning of the bankruptcy filing. *Id.*

14.     Noticeably absent from the Application and Declaration is any discussion of Mr. Evans' connections to and relationship with Mr. and Mrs. Cheng.

***Cheng & Company L.L.C. 23-104***

15. This Court is well familiar with the case of Cheng & Company L.L.C. ("Cheng & Co."), case no. 23-00104-ELG.

16. Cheng & Co., like the Debtor, is owned and controlled by Mr. Cheng. *See* Case No. 23-104.

17. Cheng & Co.'s chapter 11 case was filed on April 17, 2023 and converted to Chapter 7 on July 26, 2023. Wendell W. Webster was appointed and is currently serving as Chapter 7 Trustee of the Cheng & Co. estate.

18. Cheng & Co. owns the real property located at 619 H. Street, N.W., Washington D.C. 20001 (the "Property").

19. The Debtor currently operates its restaurant at the Property notwithstanding the entry of certain Orders of this Court in the Cheng & Co. case. Specifically, the Court's *Order Granting in Part Trustee's Motion to Reject Certain Insider Commercial Lease and Require Insider Commercial Tenant to Vacate Formerly Leased Premises* (the "Rejection Order," Cheng & Co. Doc. No. 98) and the Court's Order and Writ of Entry Directing the United States Marshals Service to Assist the Bankruptcy Trustee in Obtaining Full and Exclusive Possession of the Real Property Located at 619 H Street, N.W., Washington D.C. 20001 (Cheng & Co. Doc. No. 112).

## ARGUMENT

The Application is brought pursuant to Sections 327 and 363 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

Section 327(a) of the Bankruptcy Code provides that a trustee, or debtor in possession, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the

4

estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). "Other than the occupations enumerated in section 327, the statute is silent as to who is included in the catchall category 'other professional persons.'" *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 257 (2d Cir. 1996); *see also* 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting"). As the Application correctly sets forth, Rule 2014 of the Federal Bankruptcy Rules provides that the Application shall, among other things, "state the specific facts showing the necessity for the employment…" Fed. R. Bankr. P. 2014(a).

First, as Mr. Evans was appointed as CRO pre-petition, he has served as an officer of the Debtor within two years prior to the Bankruptcy filing and is not disinterested as required by the Code. Moreover, the relationship between Mr. Evans and Mr. and Mrs. Cheng is not disclosed in the Declaration. Mr. Evans has indicated that he has known Mr. Cheng since the 1980s when Mr. Evans was on the board of the Alcoholic Beverage Commission of the District of Columbia. Mr. Evans referred to Mr. Cheng as a friend, and the Declaration states that Mr. Evans informally advised the Debtor with regard to the bankruptcy filing. It is not clear whether any advice was given by Mr. Evans to Mr. Cheng with regard to the bankruptcy filing. For these reasons, the U.S. Trustee further questions the disinterestedness of Mr. Evans.

Although required by Rule 2014, it is not entirely clear from the Application why Mr. Evans' services are sought and are needed in this case. The Debtor operates a restaurant and has operated that restaurant since at least the 1980s as set forth in the Application. The Application just states that "the board…identified a need to engage an officer and appointed Mr. Evans to the position." In the introduction, the Debtor states that here, it is critical that "the Debtor's representative ha[s] maximum credibility and a clearly-defined abiding loyalty to the estate."

5

Application at 1-2. The Application does not define that credibility and clearly-defined abiding loyalty to the estate, especially given the 40-year history between the Debtor and Mr. Evans. For these reasons, the Application should be denied.

The Application also references section 363 of the Bankruptcy Code. The retention of professionals, however, is expressly governed by section 327, which permits a debtor in possession to employ professionals only with court approval and subject to the requirements that those professionals must be both disinterested and not hold or represent any interest adverse to the estate. Simply put, section 327(a) provides the sole and exclusive authorization for a trustee or debtor in possession to hire a professional person. See 11 U.S.C. § 327; *In re Project Orange Assocs., LLC*, 431 B.R. 363, 369 (Bankr. S.D.N.Y. 2010). A debtor in possession may not use other sections of the Bankruptcy Code to retain professionals who cannot comply with the requirements of section 327. *See In re Snowcrest Dev. Group, Inc.*, 200 B.R. 473, 479 n.5 (Bankr. D. Mass. 1996) (prepetition executory contract of broker may only be assumed "to the extent there was compliance with § 327(a)"); *In re Office Prods. of America, Inc.*, 136 B.R. 675, 686 (Bankr. W.D. Tex. 1992) ("If the trustee were permitted to circumvent the requirements for § 327 by impliedly assuming a prepetition executory contract to hire a professional, Section 327 would be eviscerated . . . . Indeed, even an express assumption of such a contract would override the more specific provisions of § 327, a result which this court eschews.") (internal citations omitted). Here, as discussed previously, Mr. Evans is not disinterested and his employment should be denied.

Finally, Mr. Evans' engagement as CRO in this matter is not made in good faith and is not a valid exercise of the Debtor's business judgment. The U.S. Trustee believes that Mr. Evans was retained as CRO in this case due to Mr. Cheng's conduct in the Cheng & Co. bankruptcy proceeding and his failure to comply with Orders of this Court or at the very least, his disregard of

Orders of this Court. Mr. Evans is still beholden to the board of Jumbo, which is comprised of Mr. and Mrs. Cheng. Again, there is no engagement agreement or other agreement that the U.S. Trustee is aware of that sets forth the duties of Mr. Evans as CRO of Jumbo. The Chengs are, presumably, still operating the restaurant and making the day-to-day decisions as to how it is run. In light of this, the U.S. Trustee does not believe it appropriate to approve the Application.

## CONCLUSION

Wherefore, the U.S. Trustee requests that the Court sustain the objection, deny the Application, and grant such further relief as is just.

Dated:  April 17, 2024

Gerard R. Vetter,
Acting United States Trustee, Region Four

By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

   I hereby certify that on April 17, 2024, I electronically filed the foregoing Objection with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system to the following:

Monique Desiree Almy malmy@crowell.com, monique-almy-7127@ecf.pacerpro.com

Nancy L. Alper nancy.alper@dc.gov

Darrell W. Clark darrell.clark@stinson.com, Siobhan.rudolph@stinson.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; hleaphart@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

David V. Fontana dfont@gebsmith.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Ruiqiao Wen ruiqiao.wen@stinson.com

                */s/ Robert W. Ours*
                Robert W. Ours
                Paralegal Specialist