## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:

**Jumbo Seafood Restaurant, Inc.,**　　　　　　**Case No. 24-00090-ELG**

　　　　　**Debtor.**　　　　　　　　　**Chapter 11 – Subchapter V**

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1.　　　The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.　　　This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3.　　　On March 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Columbia (the "Court").

4.　　　On March 29, 2024, Monique Almy was appointed as Subchapter V Trustee in the case. (Doc. No. 14).

5.　　　The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

6.      At the time of filing this Motion, the Debtor has failed to respond to requests from the U.S. Trustee and provide certain reasonably requested documents to the U.S. Trustee, including but not limited to: (i) adding the U.S. Trustee as a certificate holder for all insurance policies, (ii) evidence of closing pre-petition bank accounts, and opening of new DIP accounts and signed Form 1, (iii) signed copy of Acknowledgment letter and Authorization for direct contact; (iv) list of current inventory, financial statements and cash budget for the past six months, and (v) payroll details and evidence of paying payroll taxes. Additionally, the filed monthly operating reports for March and April 2024 failed to include copies of bank statements.  The U.S. Trustee has sent several inquiries to the Debtor, through counsel, yet to date, the outstanding documents have not been provided.

### Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate.  11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee."  As of the date and time of filing this Motion, the U.S. Trustee has still not received a complete response to his request and has not received, among other things, (i) adding the U.S. Trustee as a certificate holder for all insurance policies, (ii)  evidence of closing pre-petition bank accounts, and opening of new DIP accounts and signed Form 1, (iii) signed copy of Acknowledgment letter and Authorization for direct contact; (iv) list of current inventory, financial statements and cash budget for the past six months, and (v) payroll details and evidence of paying payroll taxes. Additionally, the filed monthly operating reports for March and April 2024 failed to include copies of bank statements. Failure to provide such basic information is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

June 17, 2024

GERARD R. VETTER
ACTING U.S. TRUSTEE, REGION 4


By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

I hereby certify that on June 17, 2024, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Monique Desiree Almy malmy@crowell.com, monique-almy-7127@ecf.pacerpro.com

Nancy L. Alper nancy.alper@dc.gov

Darrell W. Clark darrell.clark@stinson.com, Siobhan.rudolph@stinson.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; hleaphart@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

David V. Fontana dfont@gebsmith.com

Emil Hirsch ehirsch@carltonfields.com, ewhittington@carltonfields.com; wdcecf@cfdom.net;tcarroll@carltonfields.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Ruiqiao Wen ruiqiao.wen@stinson.com

I further certify that on June 17, 2024, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| AK Fire Protection Inc.<br>4325 Still Meadow Road<br>Fairfax, VA 22032 | Atlantic Seafood International Group, Inc.<br>8533 Terminal Road<br>Unit C & D<br>Lorton, VA 22079 |
| Cheng & Company LLC<br>c/o Wendell Webster, Trustee<br>1101 Connecticut Avenue, NW, Suite 402<br>Washington, DC 20036 | DC Office of Tax and Revenue<br>1101 4th St., SW, #270<br>Washington, DC 20024 |

| | |
|---|---|
| District of Columbia<br>Water & Sewer Authority<br>1385 Canal Street, SE<br>Washington, DC 20003 | Five Star Noodle Inc.<br>1124 Congress Street, NE<br>Washington, DC 20002 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | KMG Hauling Inc.<br>14 Bryant Court<br>Sterling, VA 20166 |
| PEPCO<br>PO Box 13608<br>Philadelphia, PA 19101 | Rice Noodle House LLC<br>815 6th Street NW<br>Washington, DC 20001 |
| Solid Gold, Inc.<br>60001 Columbia Park Road<br>Hyattsville, MD 20785 | Virginia Linen Service, Inc.<br>875 E Bank St.<br>PO Box 869<br>Petersburg, VA 23803-3470 |
| Washington Gas<br>6801 Industrial Road<br>Springfield, VA 22151 | Wendell Webster, Trustee<br>1101 Connecticut Avenue, NW<br>Suite 402<br>Washington, DC 20036 |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist