IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | 23-00104-ELG |
| CHENG & COMPANY L.L.C., ) | CHAPTER 7 |
| ) |  |
| Debtor. ) |  |
| ) |  |
| In re: ) |  |
| ) | Case No. 24-00090-ELG |
| JUMBO SEAFOOD RESTAURANT, INC., ) | Chapter 11 |
| ) | Subchapter V |
| Debtor. ) |  |

**JOINT MOTION TO APPROVE SETTLEMENT**

Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Landlord Debtor") and Jumbo Seafood, Inc. ("Tenant Debtor"), by and through their counsel, file this *Joint Motion to Approve Settlement* (the "Motion")*,* respectfully submit the following:

1. On April 17, 2023, the Landlord Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court, which was converted to Chapter 7 on July 26, 2023.

2. Wendell W. Webster is the Trustee of the Landlord Debtor's Chapter 7 estate.

3. The Landlord Debtor owns a three (3) story commercial building known as 619 H Street, N.W., Washington, DC ("Property").

_____
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD  20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for the Trustee*

4. The Tenant Debtor and Landlord Debtor were parties to a Lease which was terminated by this Court.

5. Until its conversion to Chapter 7, the Landlord Debtor was controlled by Anthony (Tony) Cheng. The Tenant Debtor was as well, until the appointment of a Chief Restructuring Officer.

6. Pursuant to the Lease, the Tenant Debtor was required to pay the Landlord Debtor $20,000 per month. The failure to pay rent when it becomes due and payable is an event of default under the lease if that failure continues for ten days after the Tenant Debtor receives notice from the landlord that rent is due and payable.

7. Accordingly, on October 12, 2023, the Trustee moved to reject the Lease and for turnover of the Property. Landlord Debtor Docket No. 87.

8. Additionally, on October 12, 2023, the Trustee sent notice of termination of the Lease.

9. On November 3, 2024, the Trustee and the Tenant Debtor attended a hearing, and agreed to a resolution, embodied by this Court's *Order Granting in Part Trustee's Motion to Reject Certain Insider Commercial Lease and Require Insider Commercial Tenant to Vacate Formerly Leased Premises* (the "Rejection Order," Landlord Debtor Dkt. No. 98).

10. Pursuant to the Rejection Order, it was:

**ORDERED**, that [Tenant Debtor] shall remove all of its property from the [Landlord Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001] not later than midnight February 29, 2024; and it [was] further

**ORDERED**, that on March 1, 2024, the Trustee shall be entitled to immediate and exclusive possession of the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001], and [Jumbo] shall have no rights to possess or occupy the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001]; and it [was] further

2

>    **ORDERED**, that in the event [Jumbo] does not vacate the Property prior to midnight February 29, 2024, the Trustee shall be entitled to any and all such writs as this Court may issue to enable the Trustee to utilize the United States Marshalls to evict Jumbo from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001] and remove and/or dispose of any remaining personal property of [Jumbo] from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001].

Landlord Debtor Docket No. 98, p. 2.

11.   On March 20, 2024, this Court entered authorizing the Trustee to utilize the U.S. Marshall's service to conduct an eviction of Jumbo. Docket No. 112.

12.   The Tenant Debtor filed a petition in bankruptcy on March 27, 2024, case no. 24-00090-ELG.

13.   Since the Tenant Debtor's bankruptcy, the Landlord Debtor has sold the Property to Baltimore Midtown, LLC, an entity which wishes to keep the Tenant Debtor in the Property.

14.   Asserting that the Lease has been terminated, the Tenant Debtor has not paid any rent to the Landlord Debtor during the Tenant Debtor's bankruptcy. The Tenant Debtor was in bankruptcy for 80 days before the Property sold.

15.   The Trustee has reached a settlement[1] and consent order with the Tenant Debtor which provides that:

   a.   The Tenant Debtor pay the Trustee $20,000 in full and complete satisfaction of any debt of Tenant Debtor to Landlord Debtor.

   b.   The bankruptcy estates of the Landlord Debtor and Tenant Debtor will provide mutual releases.

16.   Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the

---

[1] A copy of the Settlement Agreement is attached as Exhibit A.

Bankruptcy Code]." In turn, Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "'a normal part of the process of reorganization.'" Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

17. The decision whether to approve a compromise under Rule 9019 is committed to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. See In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the Settlement proposed falls "below the lowest point in the range of reasonableness." In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); see also In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000).

18. Factors the Court should consider when evaluating a settlement under Bankruptcy Rule 9019 include: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors, and other parties in interest. See Protective Comm. for Indep. Stockholders, 390 U.S. at 424; In re Frye, 216 B.R. at 174; In re Austin, 186 B.R. at 400; In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and

4

citation omitted); Official Committee of Unsecured Creditors v. White Plains Joint Venture, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

19. Basic to the process of evaluating proposed settlements, then, is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. But, "the settlement may be approved even if the court finds it likely that the trustee would ultimately succeed in the litigation." In re Austin, 186 B.R. at 400.

20. The Settlement here is reasonable and at arms' length, and the result of a productive discussions between counsel.

21. From the Landlord Debtor's perspective, the funds to be received are relatively proportionate to the value of the assets that could be recovered through litigation. The defenses raised by the Tenant Debtor to further payment are colorable. The Lease has no personal guaranty. The Tenant Debtor is in Chapter 11 itself and further collection could not only be quite difficult, but could put the Tenant Debtor out of business. The Settlement prevents the accrual of further litigation expenses, which could be sizable in proportion to the amount at issue, and provides for a quicker resolution than could be obtained through litigation.

22. From the Tenant Debtor's perspective, the funds to be paid are relatively proportionate to what it would have to pay in litigation. The Landlord Debtor's rights to further payment are colorable. Further litigation could put the Tenant Debtor out of business. The Settlement prevents the accrual of further litigation expenses, which could be sizable in proportion to the amount at issue, and provides for a quicker resolution than could be obtained through litigation.

WHEREFORE, the Trustee and the Tenant Debtor respectfully request that the Court approve the settlement as outlined above, and grant such other relief as it deems appropriate and proper.

Dated: July 2, 2024

Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Jumbo Seafood Restaurant, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

And the attached matrix of Cheng and Company, LLC

/s/ Justin P. Fasano
Justin P. Fasano

      I hereby certify that on July 2, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

And the attached matrix of Jumbo Seafood, Inc.

                                                                      /s/ Maurice B. VerStandig
                                                                       Maurice B. VerStandig