

Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

April 25, 2024

**VIA ELECTRONIC MAIL**
Kelvin Brown
Vice President
TD Bank
4849 Wisconsin Avenue, NW
Washington, DC 20016
kelvin.brown@td.com

    Re:  **Jumbo Seafood Restaurant, Inc.**

Mr. Brown:

  The undersigned and this firm serve as general restructuring counsel to Jumbo Seafood Restaurant, Inc. ("Jumbo Seafood") in connection with case number 24-90-ELG pending in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). If TD Bank is represented by counsel, please forward this letter to the bank's counsel and ask her or him to contact me as soon as may be practicable.

  As you are aware, TD Bank ("TD") is a participant in the debtor-in-possession bank account ("DIP Account") program maintained by the Office of the United States Trustee within the United States Department of Justice. The program exists pursuant to Section 345 of Title 11 of the United States Code and is intended to ensure Chapter 11 debtors have access to regular banking functions, without interruption or issue, while also having their funds protected above and beyond the degree to which insurance attaches under Section 1821 of Title 12 of the United States Code. The United States Trustee Guidelines provide, *inter alia*, "The debtor must immediately close pre petition bank accounts and open new 'debtor in possession' bank accounts. All receipts must flow through the debtor in possession account(s). All disbursements should be by check."

  In reliance on TD's participation in the DIP Account program, Jumbo Seafood opened an account with TD shortly after seeking bankruptcy protection. Shockingly, however, TD has failed to make the account funds available to Jumbo Seafood.

  It appears that TD first refused to give immediate credit to a cashier's check drawn against the debtor's former, pre-petition bank account. It equally appears that TD then negotiated the check but refused to make funds available to Jumbo Seafood (essentially commandeering the debtor's monies) on account of Jumbo Seafood being a debtor in bankruptcy.

  As a direct result of these actions on the part of TD, the debtor has been unable to make payroll, has been unable to pay post-petition expenses, and is on the verge of collapsing less than

9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012



a month after seeking bankruptcy protection. Jumbo Seafood is an establishment that has been part of the District of Columbia landscape longer than I have been alive; it is a revered cultural institution, a hotspot for tourists, and a genuine element of the city's fabric. In a time of economic peril, Jumbo Seafood availed itself of the federal bankruptcy protections that have saved so many iconic institution – only to discover that TD, either by reason or malfeasance or nonfeasance, would impede the debtor from so much as having a chance at reorganizing.

The foregoing considered, demand is hereby made that TD (i) immediately make the debtor's bank account available for withdrawals and deposit, without hinderance or delay; and (ii) agree to pay the debtor, in consideration of the foregoing, the sum of One Hundred Thousand Dollars and No Cents ($100,000.00), subject to the approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

Should TD not acquiesce by the close of business on Friday, April 26, 2024, as memorialized by the cessation of regular trading on the New York Stock Exchange, Jumbo Seafood will commence an adversary proceeding seeking (i) an immediate turnover of the debtor's monies; (ii) an injunction prohibiting TD from participating in the DIP Account program on a nationwide basis; (iii) monetary damages as and for TD's negligence *per se*; (iv) monetary damages as and for TD's breach of fiduciary duty; (v) monetary damages as and for TD's conversion of the debtor's monies; (vi) punitive damages; (vii) damages stemming from a violation of Section 362 of Title 11 of the United States Code; and (viii) such other damages as may be recovered in accord with governing law.

Please govern yourself accordingly.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

cc:   Kristen Eustis, Esq. (via e-mail)

9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012