Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@dcbankruptcy.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-90-ELG |
| | ) | (Chapter 11) |
| JUMBO SEAFOOD RESTAURANT, INC. | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF DALLAS EVANS FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Jumbo Seafood Restaurant, Inc. ("Jumbo Seafood" or the "Debtor"), pursuant to Sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and applies to this Honorable Court for approval of compensation of Dallas Evans ("Mr. Evans"), the Debtor's chief restructuring officer, in the form of (i) $12,000.00 in fees; and (ii) $27.00 in expense reimbursements, and in support thereof states as follows:

**I.      Introduction**

For four critical months, Mr. Evans served as the Debtor's chief restructuring officer, guiding the entity into bankruptcy, serving as the entity's representative throughout, overseeing financial matters, and plying his knowledge and ethos as Jumbo Seafood navigated tumultuous waters. While those efforts may not have ultimately invited a confirmed plan of reorganization, they did prove successful, with the Debtor continuing to operate a business that faced imminent

demise at the time of this case's commencement. For those efforts, Mr. Evans merits appropriate compensation.

## II.     Recitations Pursuant to Federal and Local Rules

1.     The services for which compensation is herein sought were performed between March 27, 2024 and July 23, 2024. Mr. Evans performed all work for which compensation is sought.

2.     Mr. Evans' employment was approved with an effective date of March 27, 2024.[1]

3.     Compensation for Mr. Evans' work is sought at the rate of $300.00 per hour.

4.     Mr. Evans' work included managing the Debtor's finances, interfacing with the Debtor's counsel on a near-constant basis, facilitating negotiations with a potential "friendly" bidder in advance of an auction of the premises in which the Debtor's restaurant is located, preparing information for monthly operating reports, attending multiple meetings of creditors, attending an initial debtor interview with the United States Trustee's office, interfacing with the Debtor's equity interests, and delivering insights based on his extensive knowledge of the District of Columbia economy.

5.     Mr. Evans' sole reimbursable cost is $27.00, incurred in connection with parking for a hearing before this Honorable Court.

6.     In the opinion of undersigned counsel, the fees and costs for which reimbursement are sought are reasonable for the work performed.

---

[1] Approval occurred in open court at a hearing, but it does not appear a corresponding order was thereafter entered. Undersigned counsel will upload an appropriate order in short order.

### III.  Propriety of Compensation

Jumbo Seafood needed a chief restructuring officer with sterling credibility, a familiarity with the landmark restaurant's operations, knowledge of the District of Columbia's governmental operations and priorities, and a commitment to the Debtor's business. Jumbo Seafood got the perfect candidate, and the fees he charged—a scant $12,000.00—are a bargain for the efforts he poured into this case.

As this Honorable Court has had occasion to observe, as recently as March 2021, the payment of fees is governed by a so-called "lodestar" method:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community. Between the prevailing weight and an attorney's customary rate, the local prevailing rate receives heavier weight. Once the lodestar, incorporating the reasonable rate and reasonable hours, has been determined, there is a strong presumption that the fee based upon the lodestar itself is reasonable.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Eley*, 793 F.3d at 100 (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)); *Covington*, 57 F.3d at 1107-08; *Makray*, 159 F. Supp. 3d at 30 (quoting *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013)), 37 (quoting *Perdue*, 559 U.S. at 551-52), 40-41 (quoting *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988); *Eley*, 793 F.3d at 105).

Mr. Evans seeks to be paid at a rate of $300.00 per hour. While this was his first time serving as a chief restructuring officer and, as such, he does not have a "standard" rate for these services, his credentials more-than-amply support the hourly metric. Mr. Evans holds an undergraduate degree in accounting from the University of Maryland at College Park and an MBA (with a concentration in real estate) from American University. He is a licensed real estate broker in the District of Columbia and, before entering his current stint in the private sector, was the Deputy Mayor of Operations for the District of Columbia, in which capacity he managed over 44 million square feet of real estate assets and over $7 billion in citywide procurements. As a municipal employee, Mr. Evans worked with public and private partners to develop over 1.5 million square feet of government centers, overseeing the relocation of 5,000 government employees.

In the private space, Mr. Evans formerly served as the president of ISI Professional Services, managing more than 57 million square feet of corporate and government real estate portfolios. In this capacity, he worked closely with various federal government agencies, advised the Board of Regents of the Smithsonian Institution, and interfaced extensively with the National Institutes of Health and the United States Department of the Interior.

For this experience, in a major city like the District of Columbia, Mr. Evans could easily command an hourly rate in excess of $300.00. And, perhaps more pertinently, finding a different-yet-qualified chief restructuring officer to take helm of the Debtor would have almost assuredly not only come at a steeper hourly rate but, too, necessitated countless hours of billable time as that person grew familiar with Jumbo Seafood and its principals. That Mr. Evans happened to be a longstanding patron of the business, and had experience interacting with the restaurant in prior

4

municipal capacities, only served to streamline this delicate process and ensure a lower ultimate economic burden be charged to the Debtor's estate.

The hours expended by Mr. Evans were tracked by hand, with those records being appended hereto as Exhibit A. Upon examination, the time entries appear to be both reasonable and sensible in nature.

### IV.   Conclusion

WHEREFORE, Jumbo Seafood respectfully prays this Honorable Court (i) finally approve and ratify the fees sought herein, in the sum of $12,000.00; (ii) approve and ratify the expenses for which reimbursement is sought herein, in the sum of $27.00; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 11, 2024     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee.

/s/ Maurice B. VerStandig
Maurice B. VerStandig