Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@dcbankruptcy.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-90-ELG |
| | ) | (Chapter 11) |
| JUMBO SEAFOOD RESTAURANT, INC. | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC (collectively, "VLF"), counsel for Jumbo Seafood Restaurant, Inc. ("Jumbo Seafood" or the "Debtor"), pursuant to Sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable Court for allowance of compensation of (i) $23,723.50 in fees; and (ii) $350.00 in reimbursable expenses, and in support thereof state as follows:

**I.    Introduction**

Approximately 40 years after first gracing Chinatown, Jumbo Seafood is still standing. The restaurant remains open for lunch and dinner service six days a week; governmental elites, locals, and tourists looking for an authentic Chinatown experience all continue to pass through the famed doors; and the cuisine remains absolutely spectacular. None of these realities were assured—or even likely—just five months ago. And but for the wonders of Title 11 of the United States Code (the "Bankruptcy Code"), none of these realities would be true today.

1

Exploiting those wonders took no small amount of effort, however. This was not an easy case, frequently requiring efforts well outside the traditional contours of the bankruptcy sandbox. Aggressive strategies had to be implemented time and again; countless negotiations had to be undertaken; and all the "normal" work of a small business reorganization also had to be minded along the way. For those efforts, compensation is now sought.

## II. Recitations Pursuant to Federal and Local Rules

1. The services for which compensation is herein sought were performed between March 27, 2024 and July 23, 2024. Maurice B. VerStandig performed all work for which compensation is sought.

2. VLF's employment was approved on May 20, 2024, effective as of March 27, 2024.

3. Time records showing VLF's work are appended hereto as Exhibit A (with the sole reimbursable expense being included in such time records).

4. Attorney time has been billed at $495.00 per hour.

5. The fees and costs for which reimbursement is sought are reasonable for the work performed, and the contents of this application are true and accurate.

## III. Other Formalistic Notations

Pursuant to Federal Rule of Bankruptcy Procedure 2016, VLF notes as follows: (i) there is no agreement to share compensation received or to be received for services rendered in or in connection with these cases; and (ii) VLF is holding a retainer of $8,874.00.

## IV. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, VLF recorded all time in this matter in project categories. The total hours recorded—and total fees sought—per category are as follows:

Case Administration – 40.9 Hours - $19,653.00

Plan and Disclosure Statement – 5.8 Hours - $2,883.00

Employment and Fee Applications – 2.5 Hours - $1,237.50

### V.    Propriety of Compensation

As this Honorable Court has had occasion to observe, as recently as March 2021, the payment of legal fees is governed by a so-called "lodestar" method:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community. Between the prevailing weight and an attorney's customary rate, the local prevailing rate receives heavier weight. Once the lodestar, incorporating the reasonable rate and reasonable hours, has been determined, there is a strong presumption that the fee based upon the lodestar itself is reasonable.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Eley*, 793 F.3d at 100 (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)); *Covington*, 57 F.3d at 1107-08; *Makray*, 159 F. Supp. 3d at 30 (quoting *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013)), 37 (quoting *Perdue*, 559 U.S. at 551-52), 40-41 (quoting *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988); *Eley*, 793 F.3d at 105).

#### a.  Hourly Rate

Undersigned counsel seeks to be compensated at a rate of $495.00 per hour for work in this case. This is neither the highest nor lowest rate charged by counsel in his practice but, rather, is in line with the rate VLF customarily charges to new debtor-side clients for Chapter 11 cases in the

District of Columbia, Maryland, and the Eastern District of Virginia. The rate is slightly higher than what undersigned counsel charges debtor-side clients in North Dakota, with the adjustment being a market-based accommodation. It is respectfully submitted this rate is reasonable in nature; undersigned counsel has extensive experience handling Chapter 11 cases, has been in private practice for nearly 15 years, is a contributing editor of the American Bankruptcy Institute Journal, hosts an American Bar Association podcast on small business bankruptcies, has successfully reorganized businesses larger—and smaller—than the Debtor herein, has undertaken extensive creditor-side work in Chapter 11 cases, and is an active member of the bar of this Honorable Court. Other members of the bar of this Honorable Court charge rates higher and lower than that of undersigned counsel, but it is urged that $495.00 per hour is in line with the prevailing local norm.

    b. **Number of Hours Expended**

VLF expended 49.2 hours working on this case. The time entries attached hereto as Exhibit A were recorded in a substantially contemporaneous manner and provide a detailed narrative of how that time was spent. Macroscopically, however, it does merit revisiting just some—albeit not nearly all—of the eccentricities occasioned by this case.

Jumbo Seafood sought bankruptcy protection after this Honorable Court entered an order authorizing the Chapter 7 trustee of the entity's landlord to utilize the United States Marshals to clear the restaurant. Some debtors enter bankruptcy with an aggressive creditor giving proverbial chase; Jumbo Seafood jumped into bankruptcy with the US Marshals on its trail. And Jumbo Seafood did so knowing that agency was acting at the behest of the very court in which the petition for bankruptcy relief would be lodged. So, suffice it to posit, navigating that situation took some time and effort.

4

All of which led to Jumbo Seafood suing a Chapter 7 trustee to avoid a turnover over as a preference. With that suit—and a correlative stay relief motion, brought by the same trustee—came significant research and drafting, together with seemingly-constant negotiations. These were not pithy, pro forma filings. Nor does there much exist a large swath of source material from which to draw when suing a Chapter 7 trustee to recover a preference or positing that a turnover order—entered by consent and long-since rendered "final"—ought not be regarded as enforceable.

Simultaneously with all of this activity, the Debtor negotiated behind the scenes with yet other parties, in an effort to find a friendly purchaser for the restaurant's premises. A delicate line had to be walked, ensuring counsel not represent the interests of any potential purchaser but also ensuring potential bidders were ushered through the process in a hospitable and inviting manner. This, of course, culminated with a multi-hour auction and an ensuing closing period, both of which were punctuated by their own eccentricities.

All of the foregoing notwithstanding, Jumbo Seafood also needed to traverse the more normal facets of the bankruptcy process. First day motions were filed and heard, documents had to be produced to the United States Trustee, an initial debtor interview was attended, a meeting of creditors spanned multiple sessions, a Section 1188 statement needed to be drafted and filed, a plan of reorganization followed suit in being formally proposed, and various court hearings mandated attendance with appropriate preparations.

Even some of those more "ordinary" case facets proved complex for Jumbo Seafood. A motion to dismiss, filed by the United States Trustee, invited substantive briefing that included formation of an argument pegged to very recent Supreme Court case law. And the normative aspect of client relations was complicated by the necessary—and enormously helpful—presence of a chief restructuring officer, whose very employment was opposed. This really was a case where

very little happened without some adversarial framework, and navigating those various issues proved time consuming.

So while 49.2 hours may seem an unusual quantity of billable time for a small business Chapter 11, it is respectfully suggested such was actually a contextually reasonable time commitment in this case. Not all debtors are created equal and not all debtors enter Chapter 11 with the same perceptive warts. Time and effort were necessary to keep this case viable until the very end. And while the case did ultimately result in a consent dismissal, such—quite genuinely—only came when the Debtor reached a point of having realized forward-looking viability and was no longer in need of bankruptcy protection.

Stated otherwise: those 49.2 hours paid dividends, helping to preserve a District of Columbia institution that was otherwise confined to its final hours of operation. The fees sought herein are significant, but they are truly the byproduct of work that was necessary to effectuate the turnaround of an otherwise-dire situation. And it is thusly respectfully urged that this petition be granted.

### VI. Conclusion

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC respectfully pray this Honorable Court (i) finally approve and ratify the fees sought herein, in the gross sum of $23,723.50; (ii) permit $8,874.00 of said fees to be paid out of retainer funds being held in trust; (iii) finally approve and ratify the expenses of $350.00 sought herein; (iv) reserve jurisdiction to enter judgment in favor of VLF, and against the Debtor, should said fees and expenses not be paid within three months of entry of an order granting this application; and (v) afford such other and further relief as may be just and proper.

                      Respectfully submitted,

Dated: August 11, 2024      By:    /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig, Esq.
                                            Bar No. MD18071
                                            The VerStandig Law Firm, LLC
                                            9812 Falls Road, #114-160
                                            Potomac, Maryland 20854
                                            Phone: (301) 444-4600
                                            mac@mbvesq.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee.

                                                                /s/ Maurice B. VerStandig
                                                                Maurice B. VerStandig